United States District Court     Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
July 12, 2022
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Gisela De La Guardia, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-22-1182 |
| Wal-Mart Stores Texas, LLC, et al., | § § | |
| Defendants. | § | |

# Opinion on Partial Dismissal and Partial Summary Judgment

1. *Background.*

Gisela De La Guardia was hit by a beverage cart at a Walmart store on April 23, 2020. She tore her Achilles tendon and sued Walmart for: (a) premises liability, (b) negligence related to maintenance of equipment, (c) general negligence related to premises conditions, (d) negligent undertaking, (e) failures related to policies, procedures, safety rules, and guidelines, (f) negligence in hiring, training, controlling, and supervising employees, (g) gross negligence, and (h) negligent hiring, supervision, and retention of employees. Walmart moved for partial dismissal for failure to state a claim and for summary judgment. Walmart will prevail.

2. *Partial Dismissal.*

On May 25, 2022, Walmart moved to dismiss the claims against it. De La Guardia had 21 days to file a response under Local Rule 7.3. She did not respond to Walmart's motion, so she has abandoned her claims against it.[1] Also, she has pleaded no facts showing Walmart is liable.

---

[1] Local Rule 7.4; see also *McKenzie v. Principi*, 83 Fed. Appx. 642 (5th Cir. 2003).

3. *Summary Judgment.*

To prevail on summary judgment, Walmart must show no issues of material fact exist as to De La Guardia's claims against it. Only De La Guardia's claim against Walmart for negligent activity under *respondeat superior* remains.

To establish *respondeat superior*, De La Guardia must establish that: (a) she was injured because of the cart-pusher's negligence, (b) he was Walmart's employee, and (c) the negligence was committed while the he acted within the scope of his employment.[2]

The American Bottling Company's states in its answer to De La Guardia's amended complaint that the person who struck her with the cart was its employee, not Walmart's employee. Because De La Guardia did not contest this fact by failing to respond to the motion for summary judgment, no genuine issue of material fact exists regarding her claim against Walmart under *respondeat superior*.

4. *Conclusion.*

Gisela De La Guardia's claims against Wal-Mart Stores Texas, LLC, for: (a) premises liability; (b) negligence related to maintenance of equipment; (c) general negligence related to premises conditions; (d) negligent undertaking; (e) failures related to policies, procedures, safety rules, and guidelines; (f) negligence in hiring, training, controlling, and supervising employees; (g) gross negligence; and (h) negligent hiring, supervision, and retention of employees will be dismissed. Wal-Mart Stores Texas, LLC, will not be liable to Gisela De La Guardia on her claim against it for negligent activity under *respondeat superior*.

Signed on July 11, 2022, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

---

[2] *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998).